# United States District Court

SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

AUG 3 0 2000

UNITED STATES OF AMERICA

V.

JOSEPH PONTECORVO

## CRIMINAL COMPLAINT

CASE NUMBER: $00-4712-BSS$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 27, 2000, in Broward County, in the

____Southern____ District of ____Florida____ defendant,

did knowingly possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record

in violation of Title 26, United States Code, Section 5861(d).

I further state that I am a(n) ATF Special Agent and that this complaint is based on the following
                                    Official Title

facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

*George Belsky*
Signature of Complainant
George Belsky
Special Agent, ATF

Sworn to before me, and subscribed in my presence,

August 30, 2000     at   Fort Lauderdale, Florida
Date                     City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT

I, George P. Belsky, Jr., being duly sworn, do hereby depose and state the following:

1  I am employed as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms, United States Treasury Department, and have been so employed since June 21, 1999. I am presently assigned to the Fort Lauderdale Field Office and have been involved in several investigations involving federal firearms and explosives laws. I am a graduate of the ATF National Academy. Prior to serving with ATF, I was employed as a Postal Inspector with the U. S. Postal Inspection Service for three years. Prior to my federal law enforcement service, I was a police officer for six and one half years.

2  The following information is based upon my personal knowledge and that of Fort Lauderdale Police officers and my fellow agents. Since this affidavit is being submitted for the limited purpose of providing probable cause for a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the complaint.

3. During the early morning hours of August 27, 2000 a man walking along Northwest Sixth Street, Fort Lauderdale, was accosted by Joseph Benedict PONTECORVO, an individual unknown to the man. An argument ensued between the two men, and PONTECORVO produced a firearm and shot several times at the man. The man fled on foot and attempted to contact police.

4. At the same time several Fort Lauderdale Police units in the area heard the gunfire and proceeded to the area to investigate. The police met with the man who had been attacked, and he pointed out PONTECORVO's residence at 14 NW 6th Street to the officers. Two officers

approached the front of the residence, while a third observed through a window. The officer at the window saw PONTECORVO holding a shotgun and yelling at the officers to go away. PONTECORVO refused the officers' commands to exit the residence.

5. The Fort Lauderdale Police SWAT Team responded to the scene. After negotiations failed to bring PONTECORVO outside, the team took into consideration the situation of having a barricaded gunman inside the residence and decided it was necessary in the interest of public safety to enter the premises. While conducting a security sweep of the home during the entry, team members found in plain sight a shotgun (a Maverick Arms 12 gage pump shotgun, serial number MV61307B), an RPB Industries M11A1 machinegun, serial number SAP3803213 with a silencer attached, and a destructive device. Specifically, team members recovered the shotgun from under the bed in the residence. The butt of the shotgun was protruding out from under the bed and visible to plain view. The machinegun was found on a pile of clothes on the floor near the vicinity of the bed. The destructive device was located on a night table near the bed.

6. The destructive device consisted of a red cardboard tube two inches long by 1 ¼ inches in diameter. The tube contained approximately 34.6 grams of a gray powder. Both ends of the tube were sealed with hot glue, and one end of the tube had a 1 ¼ inch length of green fuse protruding from it. Numerous ball bearings of various sizes were glued to the cardboard tube. Aluminum foil was wrapped around the device and secured with black plastic tape. FLP Bomb Squad determined that the device was in fact functional as a bomb and rendered the device safe.

7. PONTECORVO was arrested and charged with aggravated assault in violation of Florida Statute. A criminal history check showed PONTECORVO has a felony conviction in New York in 1991 for criminal possession of a weapon. He has other arrests for driving under

the influence and reckless endangerment as well.

8. On August 28, 2000 your affiant caused a search of ATF National Firearms Act Branch records to determine if PONTECORVO was licensed to possess the destructive device, machinegun or silencer. The search disclosed that PONTECORVO is not registered as owning any of those items and that items matching their descriptions are not registered to anyone.

9. Title 26, United States Code, Section 5861(d) makes it a felony for anyone to possess the machinegun, the silencer, and the destructive device found in PONTECORVO's residence if such items are not registered to the possessor in the National Firearms Registration and Transfer Record.

10. Based on the foregoing information, your affiant submits there is probable cause to believe that Joseph Benedict PONTECORVO has violated Title 26 United States Code Section 5861 (d).

FURTHER YOUR AFFIANT SAYETH NAUGHT

GEORGE P. BELSKY, JR.
SPECIAL AGENT, ATF

Sworn and subscribed to before me this
3rd day of August, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

-3-