UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6265-CR-ZLOCH

UNITED STATES OF AMERICA,   :

      Plaintiff,   :

v.   :

JOSEPH PONTECORVO,   :

      Defendant.   :

FILED by _____ D.C.

SEP 13 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on September 11, 2000, a hearing was held to determine whether the defendant **Joseph Pontecorvo** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Joseph Pontecorvo** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with possession of a machine gun and possession of firearms not registered to him in the National Firearms Registration and Transfer Record, in violation of

18 U.S.C. §§ 9220 and 924(a)(2), and 26 U.S.C. § 5861(d). Therefore, the defendant is charged with a crime of violence. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant encountered a man on Northwest Sixth Street, Fort Lauderdale during the early morning hours of August 27, 2000. An argument ensued, during which the defendant fired several shots at the man, who fled on foot. Police officers who were patrolling the area heard the shots, and interviewed the man at whom the defendant fired the shots. The man pointed out the defendant's residence, where the officers observed the defendant standing near a window with a shotgun in his hands. When the officers ordered the defendant to come outside, he refused and told the officers to go away.

    The Fort Lauderdale Police Department SWAT team was summoned, and the team forcibly entered the defendant's residence. Once inside, a security sweep was conducted, during which police found a recovered the shotgun, a fully automatic M11A1 with an attached silencer and an incendiary device that was capable of functioning as a bomb. Anyone who wishes to possess a fully automatic firearm, a silencer or a destructive device, such as those found in the defendants' home, must register these items with the National Firearms Registration and Transfer Record. ATF approval and payment of a transfer tax also are required.

A records search revealed that the defendant had not registered any of the items. Additionally, the defendant has a prior felony conviction for possession of a firearm, as well as at least three DUI convictions. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he has strong ties to the community and does not constitute a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The defendant possessed a machine gun, a silencer and a bomb, crimes of violence. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 13th day of September, 2000.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Robin Rosenbaum (FTL)
Pretrial Services (FTL)
Kenneth Ronan, Esq.